UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA MORRIS-GIBSON,

      Plaintiff,

vs.

Case No. 20-11346
Hon. Mark A. Goldsmith

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE AND
AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA (UAW), et al.,

      Defendants.
_____/

## ORDER
## GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STAY PRETRIAL DEADLINES (Dkt. 29)

Pursuant to the scheduling order issued in this case on September 10, 2020, lay witness and exhibit lists were due on May 20, 2021 (Dkt. 24). Plaintiff Patricia Morris-Gibson filed her witness and exhibit list by this deadline (Dkts. 30, 31). However, Defendants failed to do so. Instead, on May 20, 2021, Defendants filed the present motion to stay pretrial deadlines, stating that Defendants had not conducted adequate discovery efforts to identify witnesses and exhibits at that point because a mediation scheduled by the parties for May 21, 2021 had not yet occurred (Dkt. 29). Defendants proposed that if the parties were unable to settle the case, Defendants would "meet and confer with counsel for the Plaintiffs and will propose a new set of pretrial deadlines that enables the parties to take needed discovery," id. at 2, apparently as a tacit attempt to amend the scheduling order and extend the June 30, 2021 discovery deadline.

After mediation was unsuccessful, Morris-Gibson filed a response to Defendants' motion, objecting to Defendants' proposed meet-and-confer process and stating that Defendants had

delayed necessary discovery by refusing to provide Morris-Gibson with deposition dates for the witnesses listed in her witness list until after mediation (Dkt. 32).  Morris-Gibson urges the Court to deny the motion, but states that if the Court is inclined to grant a stay of the witness and exhibit list deadlines that the Court should extend all pretrial deadlines 120 days "to enable the parties to complete discovery."  Id. at 4.  In their reply, Defendants state that they join Morris-Gibson in requesting a 120-day extension (Dkt. 33).

Consequently, the Court is faced with the question of whether to amend the scheduling order.  A scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The Sixth Circuit has instructed that "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements."  Inge v. Rock Financial Corp., 281 F.3d 613, 625 (6th Cir. 2002).  A modification of the scheduling order by leave of court is appropriate only when a relevant deadline "cannot reasonably be met despite the diligence of the party seeking the extension."  Leary v. Daeschner, 349 F.3d 888, 909 (6th Cir. 2003).  The "good cause" requirement is not to be taken lightly; "[a] scheduling order maintains orderly proceedings and is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded . . . without peril."  Century Indem. Co. v. Begley Co., 323 F.R.D. 237, 240 (E.D. Ky. 2018) (punctuation modified).  Because a court has plenary authority to control the proceedings, the ultimate decision as to whether to permit modification of a scheduling order is one within a court's wide discretion.  See Elhady v. Pew, No. 17-cv-12969, 2019 WL 12105670, at *2 n.2 (E.D. Mich. Oct. 25, 2019) (citing Fed. R. Civ. P. 16; Delta Theaters, Inc. v. Paramount Pictures, Inc., 398 F.2d 323, 324 (5th Cir. 1968)).

Here, Defendants effectively concede their lack of diligence in attempting to meet the deadlines set forth by the scheduling order.  They cite insufficient discovery to identify witnesses

and exhibits as the reason for their failure to file witness and exhibit lists by the May 20, 2021 deadline.  Mot. at 2. But the lack of discovery was of their own making.

Defendants also argue that the May 21, 2021 mediation excuses their decision to stall discovery efforts prior to the mediation, see id., on the theory that they hoped to save the expense of depositions should mediation ultimately prove successful.  However, Defendants never sought the Court's approval to avoid taking any depositions and preventing Morris-Gibson from doing so for some eight months.  And they provide no explanation for failing to seek that approval.  Nor do they explain why they failed to seek a modification of the scheduling order until the day the witness and exhibit lists were due.  Defendants have known the pretrial deadlines since September 10, 2020—over eight months before they filed the present motion.

Given these facts, it is readily apparent that, with reasonable diligence, Defendants could have either timely complied with the pretrial deadlines or sought an extension of the deadlines well in advance of the May 20, 2020 witness and exhibit list deadline.  Defendants were, therefore, entirely unjustified in how they conducted themselves.

Defendants' actions—or, rather, inactions—certainly created the predicament in which the parties now find themselves: less than one week away from the June 30, 2021 discovery deadline without having conducted numerous depositions. However, Morris-Gibson shares some of the fault for this result, despite her attempt to place the entirety of the blame for the delayed discovery in this case on Defendants by arguing that Defendants refused to give her deposition dates before the mediation.  The proper response to such dilatory tactics was not to sit on her hands.  Rather, Morris-Gibson should have filed a motion to compel, as required by the scheduling order. Scheduling Order at 2 (Dkt. 24) ("Any motion to compel discovery must be filed promptly after

3

the grounds for the motion become apparent and reasonable efforts to resolve the dispute have been exhausted.").

Because the parties failed to attempt to comply with the scheduling order's requirements in a diligent manner, they have not shown good cause for an extension of the pretrial deadlines.

Further, the public interest in efficient management of the Court's docket would suffer if the schedule were adjourned by 120 days, as the parties urge. Prejudice to the Court's docket management is an appropriate consideration in the schedule modification analysis. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (affirming the district court's decision to deny a motion to amend a scheduling order where "[d]isregard of the order would undermine the court's ability to control its docket . . ."). Like many courts throughout the nation, this district is in the process of reopening its doors to the public after the long COVID-19 pandemic. Moving this case's February 7, 2022 trial date and the dates for a final pretrial conference and the filing of dispositive motions would detrimentally impact efforts to coordinate an efficient scheduling of the myriad matters for which in-court proceedings are required. To reopen in a timely manner, the Court cannot endlessly adjourn and extend deadlines in the hundreds of matters before it—especially where the need for an adjournment derives from the parties' own irresponsible conduct.

Nevertheless, the Court will grant some relief in the interest of justice. The Court will grant Defendants leave to file witness and exhibit lists within one week of the date of this order. The Court will also grant Morris-Gibson leave to file amended witness and exhibits lists within one week. The deadlines set forth in the scheduling order, including the June 30, 2021 discovery deadline and the August 31, 2021 dispositive motion deadline, remain in place. The parties can

4

agree between themselves to take depositions after June 30, if they wish. But the Court will not entertain any motions regarding depositions taken after that date.

For the foregoing reasons, Defendants' motion to stay pretrial deadlines (Dkt. 29) is granted in part and denied in part.

SO ORDERED.

Dated: June 24, 2021  　　　　　　　　　　　　s/Mark A. Goldsmith  
　　Detroit, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH  
　　　　　　　　　　　　　　　　　　　　　　United States District Judge